# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Jamie C. Cade, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:11-cv-03498-PMD-BM |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This employment-discrimination matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (ECF No. 47), recommending that Defendant Commissioner of the Social Security Administration Michael J. Astrue's ("Defendant") Motion for Summary Judgment be granted with respect to Plaintiff Jamie C. Cade's ("Plaintiff") reasonable-accommodation claim and denied with respect to her retaliation claims. Defendant timely filed an Objection to the R&R as to the retaliation claims only. Having reviewed the entire record, including Defendant's Objection, the Court finds that the Magistrate Judge fairly and accurately summarized the relevant facts and applied the correct principles of law. Accordingly, the Court hereby adopts the R&R and fully incorporates it into this Order.

## **BACKGROUND**[1]

Plaintiff was previously employed as an attorney advisor, or decision writer, in the Social Security Administration's Office of Disability Adjudication and Review Hearing Office in North

---
1. The Magistrate Judge's R&R set forth in detail the relevant facts of this case, including citations to the record. (ECF No. 47, at 1–5). Because the Parties did not object to the Magistrate Judge's factual recitation and because the Court finds that the Magistrate Judge's factual recitation accurately reflects the record, the Court adopts the Magistrate Judge's proposed findings and summary of the relevant facts for purposes of this Order. The Court sees no need to repeat the details here and instead gives only a brief overview of the factual and procedural background.

Charleston, South Carolina, from February 22, 2010 to March 31, 2011. On December 22, 2011, Plaintiff filed this employment-discrimination action pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* ("Rehabilitation Act"); and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").[2] Plaintiff alleges in her Amended Complaint that she was discriminated against by Defendant on the basis of a disability and that she was also unlawfully retaliated against after having engaged in protected conduct. More specifically, Plaintiff alleges in her First Cause of Action that Defendant failed to provide her with a reasonable accommodation for her disability in violation of the Rehabilitation Act. In her Second Cause of Action, Plaintiff asserts that by requesting a reasonable accommodation and opposing Defendant's failure to provide her with a reasonable accommodation, she engaged in protected activity, and that the subsequent termination of her employment was in retaliation for her having engaged in protected activity, all in violation of the Rehabilitation Act. Plaintiff further alleges in her Third Cause of Action that she engaged in protected activity when she filed a complaint regarding sexual harassment and that she was thereafter subjected to an adverse employment action in retaliation for having engaged in this protected activity, in violation of Title VII. Plaintiff seeks a declaratory judgment, injunctive relief, or both, as well as compensatory damages, prejudgment interest, attorney's fees, and costs.

On September 24, 2013, Defendant filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, accompanied by a Memorandum in Support and numerous exhibits. Following an extension of time to respond, Plaintiff filed a Memorandum in Opposition on December 11, 2013. On December 20, 2013, Defendant filed a Reply to Plaintiff's Memorandum in Opposition, to which Plaintiff filed a Sur Reply on January 10, 2014.

___

2. This case was automatically referred to a Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC.

The Magistrate Judge issued the R&R on July 7, 2014, recommending that this Court grant Defendant's Motion for Summary Judgment with respect to Plaintiff's First Cause of Action alleging a failure on the part of Defendant to provide a reasonable accommodation.  The R&R further recommended that the Court deny Defendant's Motion for Summary Judgment as to Plaintiff's Second and Third Causes of Action setting forth retaliation claims.  On July 21, 2014, Defendant filed its Objection to the R&R; however, Defendant objected only to the Magistrate Judge's recommendation that the Court deny Defendant's Motion for Summary Judgment with regard to Plaintiff's retaliation claims.  On August 7, 2014, Plaintiff filed a Reply to Defendant's Objection.  This matter is now ripe for consideration.

## STANDARD OF REVIEW

### I.     Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  Parties are allowed to make a written objection to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served a copy of the R&R.  28 U.S.C. § 636(b)(1).  This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered, and the Court may accept, reject, or modify the R&R's findings and recommendations in whole or in part.  *Id.*  Additionally, the Court may receive additional evidence or recommit the matter to the Magistrate Judge with instructions.  *Id.*  A party's failure to object is accepted as an agreement with the conclusions of the Magistrate Judge.  *See Thomas v. Arn*, 474 U.S. 140 (1985).  In the absence of a timely filed, specific objection—or as to those portions of the R&R to which no specific objection is made—this Court "must 'only satisfy itself

3

that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note). Moreover, in the absence of specific objections to the R&R, the Court need not provide any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## II.     Motion for Summary Judgment

To grant a motion for summary judgment, a court must find that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

## DISCUSSION

### I.     Reasonable-Accommodation Claim

Plaintiff alleges in her First Cause of Action that Defendant failed to provide her with a reasonable accommodation for her disability in violation of the Rehabilitation Act. In moving for summary judgment as to this claim, Defendant maintains that Plaintiff's reasonable-accommodation claim fails because Plaintiff did not exhaust her administrative remedies prior to filing the instant action. Neither party objects to the Magistrate Judge's recommendation that the

4

Court grant Defendant's Motion for Summary Judgment as to Plaintiff's reasonable-accommodation claim. The Court finds that the Magistrate Judge applied the correct law to the operative facts in concluding that Plaintiff has not established a basis to survive summary judgment on this claim. *See Diamond*, 416 F.3d at 315. Accordingly, the Court adopts this portion of the R&R and hereby grants Defendant's Motion for Summary Judgment as to Plaintiff's First Cause of Action.

## II.     Retaliation Claims

Plaintiff alleges in her Second Cause of Action that Defendant terminated her employment because she complained about Defendant's failure to provide her with a reasonable accommodation for her disability. Plaintiff asserts this claim pursuant to the Rehabilitation Act, which incorporates for federal employees the protections set forth in Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.* ("ADA"). *See* 29 U.S.C. § 794. In her Third Cause of Action, Plaintiff alleges that Defendant retaliated against her by subjecting her to an "adverse employment action" after she complained about sexual harassment, in violation of Title VII.[3] Although Plaintiff's Second and Third Causes of Action are asserted under separate statutes, the Magistrate Judge correctly analyzed both retaliation claims according to the requirements of proof governing Title VII disparate treatment claims. *See Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989) (citing *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds by Price Waterhouse v. Hopkins*,

---

3.   The Magistrate Judge correctly noted that although Plaintiff cites 42 U.S.C. § 2000e-3 as the basis for her Title VII claim, this section applies to retaliation against employees in the private sector. Instead, 42 U.S.C. § 2000e-16(a) is the code section that provides for a retaliation claim by a federal employee. *Caldwell v. Johnson*, 289 F. App'x 579, 592 (4th Cir. Aug. 15, 2008) (discussing federal employee retaliation claims that arise under 2000e-16(a)); *see also Bonds v. Leavitt*, 629 F.3d 369, 384 (4th Cir. 2011) ("Although neither the Supreme Court nor our court has squarely addressed whether 2000e-16(a) prohibits retaliation, reading these provisions together leaves us little doubt that Congress 'incorporated the protections against retaliation' afforded to private employers by 2000e-3(a)." (citations omitted)); *Grosdidier v. Broad. Bd. of Governors, Chairman*, 709 F.3d 19, 23 (D.C. Cir. 2013) (citing *Taylor v. Solis*, 571 F.3d 1313, 1320 (D.C. Cir. 2009) (noting that § 2000e-3(a)'s prohibition on employer retaliation applies to federal employers pursuant to § 2000e-16), *cert. denied*, 134 S. Ct. 899 (2014).

5

490 U.S. 228 (1989)); *see also Caldwell*, 289 F. App'x at 590–92 (indicating that the anti-retaliation standard for Title VII retaliation claims brought by private employees also applies to federal employees); *Silk v. City of Chi.*, 194 F.3d 788, 799 (7th Cir. 1999) (stating that a retaliation claim brought under the ADA is analyzed according to the same burden-shifting framework as Title VII claims); *Myers v. Hose*, 50 F.3d 278, 281 (4th Cir. 1995) ("[W]hether suit is filed against a federally-funded entity under the Rehabilitation Act or against a private employer under the ADA, the substantive standards for determining liability are the same.").

Under this shared standard, a plaintiff–employee is initially required to establish a prima facie case of retaliation by a preponderance of the evidence. To establish a prima facie case of retaliation in violation of Title VII, a plaintiff must demonstrate that: "[(]1) the employee engaged in protected activity; [(]2) the employer took adverse action against the employee; and [(]3) a causal connection existed between the protected activity and the adverse action." *Munday v. Waste Mgmt. of N. Am., Inc.*, 126 F.3d 239, 242 (4th Cir. 1997); *see also Tex. Dep't Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981) ("The burden of establishing a prima facie case of disparate treatment is not onerous."). Once the plaintiff–employee has presented a prima facie case, the defendant–employer bears the burden of showing a legitimate, nondiscriminatory reason for its actions. *Munday*, 126 F.3d at 242 (citing *Ross*, 759 F.2d at 365). If the employer can produce such a reason for the adverse action, the burden then shifts back to the employee to demonstrate that the defendant's proffered reason is merely pretext. *Id.* (citing *Carter v. Ball*, 33 F.3d 450, 459 (4th Cir. 1994)). "'Importantly, although intermediate evidentiary burdens shift back and forth under this framework, [the plaintiff retains] the ultimate burden of persuading the trier of fact,' that her engagement in the protected activities was a 'but for' cause of her non-conversion to permanent status." *Staley v. Gruenberg*, 13-1875, 2014 WL 2535403 (4th Cir.

June 6, 2014) (per curiam) (unpublished) (quoting *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 336 (4th Cir. 2011) (internal quotation marks and alterations omitted)) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013)).

Defendant does not dispute or contest, at least for purposes of summary judgment, that Plaintiff has established the requisite prima facie case. (*See* Def.'s Mem. Supp. Mot. Summ. J. 24, ECF No. 26-1). Defendant does argue, however, that it has set forth legitimate, nondiscriminatory reasons for the actions taken against Plaintiff. The Magistrate Judge concluded that Defendant has, indeed, carried its burden in this regard, finding that the evidence presented is sufficient to establish a legitimate, nondiscriminatory reason for Defendant's decision not to promote Plaintiff and to ultimately terminate her employment. Specifically, the Magistrate Judge found as follows:

> Defendant has presented evidence to support its argument that Plaintiff was having problems preparing proper drafts of decisions, that her work product was not improving, that Office Director Schmidt believed Plaintiff was having "serious" problems drafting opinions, and that several ALJs had complained about Plaintiff's writing and analytical abilities. Defendant has further submitted evidence to support its claim that Plaintiff was also taking inordinately long amounts of time to produce this unacceptable work product.

R&R 12. The Parties do not object to the Magistrate Judge's determination of this issue, which the Court hereby adopts for purposes of this Order.

In light of the foregoing, the burden now shifts to Plaintiff to demonstrate that Defendant's proffered legitimate and nondiscriminatory reasons for the adverse action were a pretext. *Munday*, 126 F.3d at 242. The Magistrate Judge recommended that Defendant's Motion for Summary Judgment be denied with respect to Plaintiff's retaliation claims because the issue of pretext, viewing the evidence as a whole and in a light most favorable to Plaintiff, represents a

7

genuine issue for trial. It is this specific portion of the R&R to which Defendant objects and, thus, it is this issue that the Court shall now independently consider and determine de novo.

In particular, Defendant objects to the R&R's conclusion that a question of fact exists regarding the issue of pretext, contending that the Magistrate Judge both "did not apply correctly" the Supreme Court's recent decision in *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517 (2013),[4] and "overlook[ed] undisputed facts that diminish the viability of [Plaintiff's] claim." (Def.'s Objection 1). Although the Court recognizes that courts in this Circuit and others are split as to the precise impact of the Supreme Court's decision in *Nassar*,[5] "[b]ecause Defendant[] did not challenge whether Plaintiff set forth a *prima facie* case

---

4. Defendant, in objecting to the Magistrate Judge's determination of the pretext issue, cites and seeks to rely upon *Cason v. S.C. State Ports Auth.*, C/A No. 2:11-cv-2241-RMG, 2014 WL 588065 (D.S.C. Feb. 14, 2014), for the proposition that, to satisfy *Nassar*'s "but-for" standard, "[s]howing that retaliation was one of the employer's motives, even a substantial one, is not sufficient." Def.'s Objection 2 (quoting *Cason*, 2014 WL 588065, at *3) (internal quotation marks omitted). Notably, the portion of *Cason* upon which Defendant seeks to rely addresses a plaintiff's *prima facie* case and not the present issue of pretext. In fact, *Cason* explicitly states that "*Nassar* does not [a]ffect the Court's pretext analysis." *Cason*, 2014 WL 588065, at *4.

5. *See, e.g.*, *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 (2d Cir. 2013) ("Prior to the Supreme Court's decision in *Nassar*, in order to demonstrate pretext, a plaintiff was only required to demonstrate that a retaliatory motive was 'a substantial or motivating factor behind the adverse action[,]' rather than a 'but-for' cause of the adverse action." (quoting *Raniola v. Bratton*, 243 F.3d 610, 625 (2d Cir. 2001) (internal citation omitted)); *Askins v. Starting Point*, 4:12-CV-3547-RBH, 2014 WL 4063036, at *5 (D.S.C. Aug. 14, 2014) ("The Court, however, questions whether Plaintiff has established a *prima facie* case in light of *Nassar*."); *Skrzecz v. Gibson Island Corp.*, Civ. No. RDB–13–1796, 2014 WL 3400614, at *11 n.11 (D. Md. July 11, 2014) (discussing *Nassar* but declining to address its applicability in the FSLA context, noting that "establishing 'but-for' causation is the ultimate burden that a plaintiff must prove at trial, while at the summary judgment stage, a plaintiff faces a less onerous burden of making a prima facie case of causality." (quoting *Ford v. Berry Plastics Corp.*, No. RDB–12–0977, 2013 WL 5442355, at *10 n.8 (D. Md. Sept. 27, 2013))); *Ferguson v. Waffle House, Inc.*, ––– F. Supp. 2d –––, CIV.A. 9:12-1740-SB, 2014 WL 1870785, at *18 & n.22 (D.S.C. May 8, 2014) ("In order to show pretext, Plaintiff must show that 'but for' the Defendant's intent to retaliate against him because of his having engaged in protected activity, he would not have been subjected to the employment actions at issue."); *Castonguay v. Long Term Care Mgmt. Servs., LLC*, 1:11CV682, 2014 WL 1757308, at *7 n.16 (M.D.N.C. Apr. 30, 2014) ("Other courts have indicated that *Nassar*'s but-for standard applies only at the pretext stage."); *Cason*, 2014 WL 588065, at *4 ("[I]n contrast to Plaintiffs' prima facie case, *Nassar* does effect the Court's pretext analysis."); *Askins v. Belissary*, Civ. No. 4:12–cv–1856–RBH, 2014 WL 507279, at *5 (D.S.C. Feb. 6, 2014) ("Several courts from within the Fourth Circuit appear to be in agreement that *Nassar* requires that a plaintiff must establish the third element of her *prima facie* case, the causation element, pur[]s[u]ant to the but-for standard."); *Walker v. Mod–U–Kraf Homes, LLC*, 988 F. Supp. 2d 589, 601 (W.D. Va. 2013) (interpreting *Nassar* as applying to a plaintiff's *prima facie* case); *Foster v. Univ. of Md. E. Shore*, Civ. No. TJS–10–1933, 2013 WL 5487813, at *6 n.6 (D. Md. Sept. 27, 2013) ("It is difficult to understand how *Nassar*'s heightened standard of causation could apply at the pretext stage of the *McDonnell–Douglas* analysis."); *Lindquist v. Tanner*, No. 2:11–3181–RMG, 2013 WL 4441946, at *5 (D.S.C. Aug. 15, 2013) ("In *Nassar*, the Court clarified the standard for establishing the causation element of a prima facie case for

[in its Motion for Summary Judgment], the Court finds no clear error with the Magistrate Judge proceeding to the next stage of the burden shifting framework, and applying the 'but for' standard at the pretext stage." *Starting Point*, 2014 WL 4063036, at *5.

In *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000), the Supreme Court explained that a plaintiff–employee may establish pretext by proving that the defendant–employer's explanation for an adverse employment decision is false or "unworthy of credence," *id.* at 147; *see Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 269 (4th Cir. 2005); *see also Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004) ("[T]he plaintiff can prove pretext by showing that the explanation is unworthy of credence or by offering other forms of circumstantial evidence sufficiently probative of [retaliation]." (quoting *Mereish v. Walker*, 359 F.3d 330, 336 (4th Cir. 2004) (alteration in original) (internal quotation marks omitted))). However, the employee must focus on the employer's specific reason or explanation for the challenged employment decision. *See Castonguay*, 2014 WL 1757308, at *7; *see also Hux v. City of Newport News*, 451 F.3d 311, 315 (4th Cir. 2006) ("Once an employer has provided a non-discriminatory explanation for its decision, the plaintiff cannot seek to expose that rationale as pretextual by focusing on minor discrepancies that do not cast doubt on the explanation's validity, or by raising points that are wholly irrelevant to it."). Additionally, an employee must show that "but for" the employer's intent to retaliate against the employee for engaging in a protected activity, the employee would not have been subjected to the particular adverse employment action. *Ferguson*, 2014 WL 1870784, at *18 (citing *E.E.O.C. v. Clay Printing Co.*, 955 F.2d 936, 941 (4th Cir. 1992); *Conkwright v. Westinghouse Elec. Corp.*, 933 F.2d 231, 234 (4th Cir. 1991)); *see Nassar*, 133 S. Ct. at 2528 ("Title VII retaliation claims require proof that

---

retaliation under Title VII, requiring 'proof that the desire to retaliate was the 'but-for' cause of the challenged employment action.'" (quoting *Nassar*, 133 S. Ct. at 2527–28))).

9

the desire to retaliate was the but-for cause of the challenged employment action."). "Direct or indirect evidence of discriminatory motive may do, but 'the evidence as a whole . . . must be sufficient for a reasonable fact-finder to infer that the employer's decision was motivated by [retaliatory animus].'" *LeBlanc v. Great Am. Ins. Co.*, 6 F.3d 836, 843 (1st Cir. 1993) (citing *Goldman v. First Nat'l Bank of Bos.*, 985 F.2d 1113, 1117 (1st Cir. 1993) (quoting *Connell v. Bank of Bos.*, 924 F.2d 1169, 1172 n.3 (1st Cir. 1991)); *Reeves*, 530 U.S. at 141–43). Moreover, "it is not [the Court's] province to decide whether the [employer's stated] reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination." *DeJarnette v. Corning, Inc.*, 133 F.3d 293, 299 (4th Cir. 1998) (quoting *Giannopoulos v. Brach & Brock Confections, Inc.*, 109 F.3d 406, 411 (7th Cir. 1997)); *see also Jiminez v. Mary Washington Coll.*, 57 F.3d 369, 377 (4th Cir. 1995) ("Title VII is not a vehicle for substituting the judgment of a court for that of the employer.").

Therefore, in the present case, the Court's review is necessarily limited to determining whether the employment actions were taken in response to and in retaliation for Plaintiff's request for reasonable accommodation and complaint regarding sexual harassment. *See DeJarnette*, 133 F.3d at 299 (citing *Smith v. Univ. of N.C.*, 632 F.3d 316, 346 (4th Cir. 1980)). To withstand the instant Motion for Summary Judgment, Plaintiff must, at a minimum, adduce evidence that, viewed in her favor, "could enable a jury to identify unlawful intent from the other various reasons why an employer might have terminated plaintiff, and to conclude that the employer harbored the requisite unlawful intent." *Conkwright*, 933 F.2d at 239. More particularly, Plaintiff must demonstrate the existence of a genuine issue of fact as to whether her reasonable-accommodation request and her sexual-harassment complaint, as opposed to her overall performance and work product, served as the basis, or "but for" cause, of Defendant's

10

promotion or termination decisions. *See id.* at 235; *see also Nassar*, 133 S. Ct. at 2528 ("Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action."). After reviewing the record and the Magistrate Judge's R&R de novo, the Court concludes that the evidence reveals a genuine issue as to whether Plaintiff's performance issues were pretext or whether the employment actions were taken in response to and in retaliation for Plaintiff's protected activity.[6] Thus, the Court agrees with the thorough and well-reasoned recommendation of the Magistrate Judge that Defendant is not entitled to summary judgment on Plaintiff's retaliation claims. In determining this issue de novo, the Court finds the following evidence particularly persuasive.

As an initial matter, according to Plaintiff, after Administrative Law Judges Scott and Henderson were notified of her sexual-harassment complaint against them, Judge Henderson "started finding severe problems with [Plaintiff's] decision writing." (Pl.'s Dep. 85:7–18, Apr. 2, 2013, ECF No. 33-1). The Court recognizes that self-serving assertions will not, without more, suffice to generate a triable issue of fact. *See Gbenoba v. Montgomery Cnty. Dep't of Health & Human Servs.*, 209 F. Supp. 2d 572, 578 (D. Md. 2002); *cf. Williams v. Cerberonics, Inc.*, 871 F.2d 452, 456 (4th Cir. 1989) ("As we have previously held, a plaintiff's own assertions of discrimination in and of themselves are insufficient to counter substantial evidence of legitimate nondiscriminatory reasons for an adverse employment action." (citation omitted)). Moreover, "temporal proximity alone is not sufficient to establish that [a plaintiff's] engagement in protected activity was a 'but for' cause of [an adverse employment action]. *Staley*, 2014 WL 2535403, at *2; *see also Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 660 (5th Cir. 2012) ("'But for' causation . . . cannot be established by temporal proximity alone"), *cert. denied*, 133

---

6. With regard to Defendant's contention that the R&R "overlook[ed] undisputed facts that diminish the viability of [Plaintiff's] claim," (Def.'s Objection 1, ECF No. 49), the Court finds that the Magistrate Judge properly considered, yet did not weigh, the relevant evidence in formulating the recommendation.

S. Ct. 136 (2012). However, viewing all evidence and drawing all reasonable inferences in her favor, the Court finds that Plaintiff's allegations in this regard are not without independent support in the record.

Additionally, the Court highlights, as did the Magistrate Judge, the copy of the March 3, 2011 email correspondence provided by Defendant in discovery listing the names of individuals eligible for promotion. (Pl.'s Mem. Opp. Def.'s Mot. Summ. J. Ex. 7, at 2, ECF No. 33-8). Interestingly, next to the names of these employees is a column of handwritten notations under a heading titled "prior EEO" and followed by an entry of either "yes" or "no" corresponding to each individual's name. (*Id.* at 2). Plaintiff's name is the only one followed by a "yes." (*See id.*). This notation appears to indicate that Plaintiff was the only employee eligible for a promotion who had previously initiated an Equal Employment Opportunity complaint against Defendant. The evidence also reveals that all other employees eligible for a promotion—none of whom had initiated any EEO action—received their promotions. (*See* Schmidt Dep. 78–79). Moreover, in a March 10, 2011 email to human resources, Defendant's Office Director, Richard Schmidt, stated that Plaintiff's career-ladder promotion from GS-9 to GS-11 was "explicitly not approved and not authorized by our hearing office." (Pl.'s Mem. Opp. Def.'s Mot. Summ. J. Ex. 9, at 2, ECF No. 33-10). Schmidt's email, which was labeled as "confidential," stated that Plaintiff's promotion involved "an extremely sensitive LMR [or labor–management relations] issue." (*Id.*). The Court finds that this evidence—particularly when it and all resulting inferences are viewed in the light most favorable to Plaintiff—is such that a reasonable jury could conclude that Defendant's decision not to promote, and ultimately to terminate, Plaintiff was in retaliation for her previous complaint of sexual harassment, request for reasonable accommodation, or both. *See Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004) ("[T]he

plaintiff can prove pretext by showing that the [defendant's] explanation is unworthy of credence."); *see also Green v. Springfield Med. Care Sys., Inc.*, 5:13-CV-168, 2014 WL 2875850, at *12 (D. Vt. June 24, 2014) ("Post-*Nassar*, the Second Circuit has held that a plaintiff may satisfy his burden on summary judgment 'by demonstrating weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action. From such discrepancies, a reasonable juror could conclude that the explanations were a pretext for a prohibited reason.'" (quoting *Zann Kwan*, 737 F.3d at 846)).

Furthermore, although the decision to terminate Plaintiff was based on her poor performance (*see* Termination Letter 2, ECF No. 33-13), Schmidt testified that he had no documentation indicating that Plaintiff had ever been counseled for poor performance, (*see* Schmidt Dep. 43:4–44:4, Apr. 9, 2013, ECF No. 33-2). Similarly, one of Plaintiff's previous supervisors, Joyce Simmons, testified that, other than a November 2010 performance appraisal, on which Plaintiff received the highest grade possible, she had not performed any other evaluation of Plaintiff's performance. (Simmons Dep. 56:1–6, 60:7–14, Apr. 3, 2013, ECF No. 33-16). Deborah Julian, another one of Plaintiff's supervisors, also testified that she did not conduct a formal performance appraisal of Plaintiff's work. (Julian Dep. 80:7–19, Apr. 3, 2013, ECF No. 33-17). Although Defendant, in objecting to the R&R, attempts to emphasize that the lack of performance reviews or documentation of employee counseling "is consistent with [Defendant's] personnel policies," (Def.'s Objection 7), this evidence does not forestall the conclusion that a genuine issue of material fact remains. In view of Defendant's stated reason for terminating Plaintiff's employment, a jury may reasonably infer that Defendant would have attempted to utilize some corrective or progressive disciplinary measures prior to terminating

Plaintiff if Defendant was, in fact, concerned with Plaintiff's performance. *See Lloyd v. Ga. Gulf Corp.*, 961 F.2d 1190, 1195 (5th Cir. 1992).

Therefore, after examining the totality of the evidence—and viewing that evidence in the light most favorable to Plaintiff and taking all inferences in her favor—the Court concludes that a reasonable jury could find that Plaintiff's protected conduct was, at a minimum, "the tipping point that swayed" Defendant's decision not to promote Plaintiff and to ultimately terminate her employment. *Cason*, 2014 WL 588065, at *4. Accordingly, in light of the above-referenced undisputed facts, as well as the additional evidence outlined by the Magistrate Judge in the R&R, the Court concurs with and adopts the recommendation of the Magistrate Judge that Defendant is not entitled to summary judgment on Plaintiff's retaliation claims.

## CONCLUSION

Therefore, for the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R&R. Accordingly, it is **ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED** as to Plaintiff's reasonable-accommodation claim (First Cause of Action) and **DENIED** as to Plaintiff's retaliation claims (Second and Third Causes of Action).

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**September 15, 2014**
**Charleston, South Carolina**

14